UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONDEE CHARLES SINGLETARY, | No. 2:15-cv-1231 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN DUFFY, Warden, | |
| Defendants. | |

I. Introduction

     Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

     On August 3, 2015, plaintiff filed a motion for extension of time to file an amended complaint. However, on August 6, 2015, plaintiff filed an amended complaint. Pursuant to the July 17, 2015 order, plaintiff's amended complaint was to be filed on or before August 17, 2015. Therefore, plaintiff's amended complaint was timely filed, and no extension of time was required. Thus, plaintiff's request for extension of time is denied as moot. Plaintiff's amended complaint is now before the court.

////

////

1

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff alleges that because he is an inmate with HIV, he is being denied placement on a kidney transplant list. Plaintiff contends that the California Department of Corrections ("CDCR") denies medical treatment to a certain class of individuals by denying inmates with the pre-existing medical condition of HIV from receiving kidney transplants. In addition to monetary damages, plaintiff asks that the CDCR and the California Health Care Facility at Stockton ("CCHCS") be ordered to place plaintiff on the kidney transplant

list, and to change their policy to include HIV patients. (ECF No. 15 at 3, 5.)

Plaintiff names as defendants the warden of CCHCS, Medical CEO Jackie Clark, and J. Clark Kelso, Federal Receiver.

III. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff fails to link the individuals named as defendants to any alleged constitutional violation. Plaintiff will be given leave to cure this deficiency. If plaintiff elects to amend his complaint, he must allege what each defendant did that resulted in a violation of his rights.

IV. Respondeat Superior

To the extent plaintiff seeks to bring suit against defendants based on their roles as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't. of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."

1   Crowley, 734 F.3d at 977 (internal citation and quotation marks omitted); accord Lemire, 726

2   F.3d at 1074-75.  "Under the latter theory, supervisory liability exists even without overt personal

3   participation in the offensive act if supervisory officials implement a policy so deficient that the

4   policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

5   violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))

6   (internal quotation marks omitted).

7          Plaintiff has not alleged that defendants were personally involved in the constitutional

8   deprivation or that they instituted the allegedly deficient policy.  Plaintiff will be given leave to

9   cure this deficiency.

10  V.   Improper Defendant

11         Finally, J. Clark Kelso, Federal Receiver, is not a proper defendant.  Mr. Kelso, in his role

12  as a federal receiver, is entitled to quasi-judicial immunity.  Quasi-judicial immunity is derived

13  from the long-recognized common law doctrine of judicial immunity.  In re Castillo, 297 F.3d

14  940, 947 (9th Cir. 2002).  Partly to promote the use of the appellate process, acts performed by

15  judges that relate to the judicial process are immune from attack.  Id.  Quasi-judicial immunity is

16  immunity that extends to nonjudicial officers for "claims relating to the exercise of judicial

17  functions."  Id. (quoting Burns v. Reed, 500 U.S. 478, 499 (1991)).  In other words, quasi-judicial

18  immunity protects nonjudicial officers because their decisions are "functionally comparable" to

19  those of a judge involving the exercise of discretion.  Antoine v. Byers & Anderson, 508 U.S.

20  429, 436 (1993).

21         Kelso was appointed to be the receiver for CDCR's health care system.  See Plata v.

22  Schwarzenegger, et al., C01-1351-TEH (N.D. Cal. Jan. 23, 2008) (class action constitutional

23  challenge to the adequacy of medical care provided throughout the California state prison

24  system).  Upon Kelso's appointment as receiver in 2008, the district court stated that "[t]he

25  Receivership must continue to maintain its independence as an arm of the federal courts

26  established to take over state operations. . . ."  Id. at 5.  The district court ordered that "[a]ll

27  powers, privileges, and responsibilities of the Receiver, as set forth in the Court's February 14,

28  2006 Order Appointing Receiver, shall continue in full effect, except as modified by subsequent

orders. . . ." Id.  In the February 14, 2006 Order Appointing Receiver, the district court ordered that

> [t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court.

Id. at 6.  Those judicial immunities extend to immunity from suit.  See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."); see also Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" had judicial immunity).  "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  There are two primary exceptions to the absolute judicial immunity:  first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction."  Id. at 11-12.

Even if plaintiff were granted leave to amend his complaint so as to allege that Kelso was aware of plaintiff's medical needs and failed to act upon that knowledge, it appears those allegations would similarly entitle Kelso to absolute quasi-judicial immunity because plaintiff would again be alleging that Kelso failed to act within his official capacity as receiver of the health care system.

Thus, because Kelso is entitled to quasi-judicial immunity, plaintiff should not name J. Clark Kelso as a defendant in any second amended complaint unless plaintiff can plead specific facts demonstrating that Kelso is not entitled to quasi-judicial immunity.

VI.  Clarification of Prior Order

In his amended complaint, plaintiff clarified that some of the allegations attributed to plaintiff in the court's initial screening order were factual allegations of other inmates included in the letter to Judge Henderson, but were not attributable to plaintiff.  (ECF No. 15 at 6-7.)  The court appreciates plaintiff's clarification for the record.  As plaintiff was previously informed, the

1  prior pleadings are superseded by any amended complaint. Thus, plaintiff need not repeat his
2  clarification in any second amended complaint.
3  VII.  Conclusion
4      Therefore, while it appears plaintiff may be able to state a cognizable Eighth Amendment
5  claim, he must allege facts linking the individuals named as defendants. Plaintiff is granted an
6  opportunity to cure the identified deficiencies by filing a second amended complaint. Although
7  the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
8  elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649
9  (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which
10 defendants engaged in that support plaintiff's claim. Id.
11     If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
12 the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
13 statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended
14 complaint must allege in specific terms how each named defendant is involved. There can be no
15 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
16 defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633
17 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague and conclusory
18 allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of
19 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
20     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21 make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading. This requirement is
23 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
24 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the
25 original pleading no longer serves any function in the case. Therefore, in a second amended
26 complaint, as in an original complaint, each claim and the involvement of each defendant must be
27 sufficiently alleged.
28 ////

1     In accordance with the above, IT IS HEREBY ORDERED that:

2     1. Plaintiff's August 3, 2015 motion for an extension of time (ECF No. 14) is denied as moot;

4     2. Plaintiff's amended complaint is dismissed; and

5     3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

    Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 11, 2015

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sing1231.14amd